JOHNSON, C.J.,
additionally concurs and assigns reasons.
hi agree with the ruling of this court that Mr. Sonnier should be given the opportunity to pursue his claim for re-interment pursuant to La. R.S. 8:659.
In my view, requiring the consent of the cemetery pursuant to La. R.S. 8:659 violates Mr. Sonnier’s PADD rights. 10 U.S.C. § 1482, which governs the PADD, provides the PADD is designated “to direct disposition of the remains of a decedent.” Comparable Louisiana law provides that the PADD has the right to control interment. Mr. Sonnier’s decision pursuant to his PADD power to control Trey’s interment included the plan that they be buried next to each other in a double tomb. Thus, based on the specific facts of this case, Mr. Sonnier’s PADD’s authority in this case cannot be limited to the choice of initial disposition of the remains. Thus, any refusal to allow re-interment would impede Mr. Sonnier’s PADD authority.
|, KNOLL, J., dissents and would deny.